IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vincent M. Ruggiero, | ) | C/A No.:  5:25-11171-JDA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden M.V. Joseph, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Vincent M. Ruggiero ("Petitioner"), proceeding pro se, is an inmate incarcerated at FCI

Bennettsville, a facility of the Federal Bureau of Prisons ("BOP"). This matter is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and

Recommendation on Respondent's Motion to Dismiss, or in the alternative, Motion for Summary

Judgment. ECF No. 27.[1]  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the

court advised Petitioner of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to Respondent's motion. ECF No. 28. On

December 12, 2025, Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss

and/or Motion for Summary Judgment. ECF No. 30.

Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends the court grant Respondent's Motion for Summary Judgment.

I.    Factual and Procedural Background

On May 1, 2014, Petitioner entered a guilty plea to Count Three of an indictment,

possession of a firearm by a convicted felon. *See United States v. Ruggiero*, C/A No.: 1:14-cr-

---

[1] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Petitioner contained an explanation of the summary judgment procedures.

20088-JEM-1 (S.D. Fl. July 15, 2014), ECF No. 22. On July 15, 2014, the district court sentenced Petitioner to 180-months imprisonment. *Id.*, ECF No. 33.

Petitioner filed the instant habeas Petition seeking to receive earned time credits under the First Step Act. ECF No. 1 at 6–7.

II.     Discussion

A.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

B.    Analysis

Petitioner states his recidivism level is high, but contends the Supreme Court ruled in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 391-94 (2024) that the  BOP can no longer apply an independent interpretation of the First Step Act's requirements that differs from Congress's intent. ECF No. 1 at 6. Petitioner states he hopes the court can interpret the statute as it was intended by Congress and help Petitioner receive his First Step Act time credits. *Id*. Petitioner also references his participation in the Challenger program and the feedback from his therapist specialist that Petitioner possesses the skills and program concepts to make "everlasting changes in his life." *Id*.

The First Step Act created a system for federal inmates to earn time credits for participating in evidence based recidivism reduction ("EBRR") programming while incarcerated. 18 U.S.C. § 3632(d)(4)(A).  Specifically, inmates that successfully complete EBRR programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, a prisoner determined by the BOP "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

The BOP assesses each inmate using the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") to determine each inmate's recidivism risk and eligibility for First Step Act credit. BOP Program Statement (P.S.) 5410.01, First Step Act of 2018–Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4). The PATTERN tool is completed during the inmate's Initial Classification and is used to assign each incoming inmate an initial

recidivism risk level of Minimum, Low, Medium, or High. *Id.* Under the First Step Act, eligible inmates may earn time credits irrespective of his or her recidivism risk. *See* 18 U.S.C. § 3624(g) and 28 C.F.R. § 523.42. However, only inmates with low and minimum risk scores  may have these earned credits applied to his or her prerelease custody (placement on home confinement or a residential reentry facility) or early transfer to supervised released. *Id.*;  *see also*, 28 C.F.R. § 523.44(c)(1) and (d)(1).

 Respondent moves for summary judgment arguing that Petitioner's current PATTERN score is High, and under the statutes, implementing regulations and policy, Petitioner is precluded from applying First Step Act time credits. ECF No. 27 at 7-11.

In his response in opposition to Respondent's summary judgment motion, Petitioner alleges Congress intended for BOP inmates with a high recidivism level to receive their First Step Act time credits. ECF No. 31 at 1; ECF No. 32 at 1. Petitioner argues that  under the holding in *Loper Bright*, the BOP can no longer apply an independent interpretation of the First Step Act requirements that differs from Congress. *Id.* Respondent contends that *Loper Bright* is not applicable to Petitioner's claims as this court has already determined that the statutory scheme in question is not ambiguous. ECF No. 27 at 11-12.

Respondent submits an affidavit from J. Carter, paralegal specialist for the South Carolina Consolidated Legal Center at FCI Edgefield, South Carolina, in support of his summary judgment motion. ECF No. 27-1 at 2. Carter attests Petitioner's most recent First Step Act Recidivism Risk Assessment was on July 3, 2025, and Petitioner received a High PATTERN Score. *Id.* Petitioner also concedes that his PATTERN score is high. ECF No. 1 at 6.

Under the First Step Act statutory provision, 18 U.S.C. § 3624(g), Petitioner may earn time credits with a high risk level, but he may not apply those time credits to prerelease custody or early

4

transfer to supervised release until he obtains a low or minimum PATTERN score. Although Petitioner contends the holding in *Loper Bright* prohibits the BOP from denying high risk inmates from receiving their First Step Act time credits, Petitioner is incorrect.

*Loper Bright* changed the court's role in reviewing an administrative agency's interpretation of a statute. *Loper Bright*, 603 U.S. at 391-94.  Under the holding in *Loper Bright*, courts need not, and under the Administrative Procedure Act, may not defer to an agency's interpretation of the law, such as the BOP's interpretation of the First Step Act, simply because a statute is ambiguous. *Id.* at 413. *Loper Bright*, however, does not apply to Petitioner's claims as the First Step Act provision Petitioner is challenging, 18 U.S.C. § 3624(g), which prohibits the BOP from applying First Step Act credits unless an inmate has a minimum or low risk recidivism score, is not ambiguous. *See Jones v. Joseph*, 2024 WL 5340423, *8 (D.S.C. Dec. 19, 2024) (finding *Loper Bright* to be inapplicable because Section 3624(g) "unambiguously mandates that only inmates with low and minimum recidivism scores are eligible to have earned time credits under the First Step Act applied toward pre-release custody or supervised released."); *Purdy v. Carter,* Civil Action No.: BAH-24-582, 2024 WL 4651275,  *5 (D. Md. Nov. 1, 2024)( same). The undersigned recommends Respondent's Motion for Summary Judgment be granted.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court  grant Respondent's Motion for Summary Judgment, ECF No. 27, deny the petition for writ of habeas corpus, and dismiss the Petition.

IT IS SO RECOMMENDED.

July 7, 2026                                              Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7